## GEORGE AST CANDY CO v KLING

### Ohio Supreme Court

No. 21657. Decided Nov. 20, 1929

Syllabus by MARSHALL, CJ.

**AUTOMOBILES**

(50 Re) Section 6310-28a GC, does not confer an absolute and unqualified right of way upon the driver of a motor "vehicle approaching from the right," neither does it excuse the driver of such vehicle from the common law duty to exercise ordinary care. **Heidle v. Baldwin, 118 Ohio St., 375,** approved and followed.

Kinkade, Robinson, Matthias and Allen, JJ., concur.

Robinson and Day, JJ., dissent.

## YOUNGSTOWN (City) v EVANS

### BROWN In re

### Ohio Supreme Court

Nos. 21722 & 21775. Decided Nov. 20, 1929

Syllabus by MARSHALL, CJ.

**MUNICIPAL CORPORATIONS**

(360 P5) The power conferred upon municipalities to enforce within their limits local police, sanitary and other similar regulations is only limited by general laws in conflict therewith upon the same subject matter.

Section 3628 GC, is not a law defining offenses and prescribing the punishment therefor, and is not therefore effective to bring an ordinance purporting to define and punish offenses in conflict with Section 3, Article XVIII, of the Constitution.

Robinson, Matthias and Allen, JJ., concur. Jones and Day, JJ., concur in proposition 1 of the syllabus and in the judgment.

Kinkade, J., not participating.

## WALL v DAYTON FEDERATION CO et

### Ohio Supreme Court

No 21717. Decided Nov. 20, 1929

Syllabus by DAY, J.

**APPEAL**

(30 G) The nature of the action, as shown by the pleadings and the character of the relief sought under them, determines whether such action presents a case in chancery or an action in law.

**CONTRACTS**

(150 B) Where a petition declares upon a breach of contract and recites facts which, if proven, would entitle the plaintiff to a money judgment, and the prayer of such petition asks for a money judgment and the answer denies the right thereto, such action is one at law "for money only", in which either party might demand a jury trial, and is not a suit in chancery for equitable relief, even though the appointment of a receiver, an allowance of an injunction and an accounting are asked as ancillary and incidental to the main relief sought. Such action is not appealable.

Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.